UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ROBERT ZARINSKY,                    :
                                    :   Civil Action No. 08-2191(FLW)
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
MICHELLE R. RICCI, et. al.,         :
                                    :
            Respondents.            :
_____ :


**APPEARANCES:**

    ROBERT ZARINSKY, Petitioner Pro Se
    # 56449, SBI# 713894
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**WOLFSON**, District Judge

    This matter is before the Court on petitioner Robert Zarinsky's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons discussed below, it appears from review of the petition papers provided by petitioner that the petition for habeas corpus relief is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).

I.   PROCEDURAL BACKGROUND

Petitioner, Robert Zarinsky ("Zarinsky"), filed a petition for habeas corpus relief on or about April 30, 2008.[1] According to the allegations contained in his petition, Zarinsky was convicted by jury trial in the Superior Court of New Jersey, Monmouth County, on or about April 23, 1975, for first degree murder. He was sentenced to mandatory life imprisonment pursuant to N.J.S.A. 2A:113-4. (Petition at ¶¶ 1-6).

Zarinsky filed a direct appeal from his judgment of conviction before the Superior Court of New Jersey, Appellate Division. On June 20, 1976, the Appellate Division affirmed the judgment of conviction. State v. Zarinsky, 143 N.J. Super. 35, 362 A.2d 611 (App. Div. 1976). The Supreme Court of New Jersey

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Zarinsky handed his petition to prison officials for mailing, Zarinsky signed a certification of his petition on April 30, 2008. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that April 30, 2008 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on May 7, 2008.

granted certification on appeal on the limited issue of whether Zarinsky's prosecution was barred by the statute of limitations. In a decision rendered on November 17, 1977, the New Jersey Supreme Court held that there was no statute of limitations for murder in the State of New Jersey and therefore, affirmed Zarinsky's conviction.  State v. Zarinsky, 75 N.J. 101, 380 A.2d 685 (1977).  Zarinsky then filed a petition for certiorari with the United States Supreme Court, which was denied on April 23, 1979.  (Petition at ¶¶ 8-9).

In March 1980, Zarinsky filed his first state court petition for post-conviction relief ("PCR") in the Superior Court of New Jersey, Law Division, Monmouth County.  The petition was denied on October 16, 1980.  Zarinsky filed his second state PCR petition on April 19, 1986.  This second petition was denied on July 11, 1986.  (Petition at ¶¶ 11(a), 11(b)).

Zarinsky also filed three petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of New Jersey before the instant petition.[2]  See State v. Zarinsky, 2007 WL 1346933 *1 (N.J.

---

[2] Zarinsky states that he filed a federal habeas petition sometime in 1982, citing Civil Docket No. 82-3276.  A search of the district court docket shows only one other habeas petition filed, Zarinsky v. Del Tufo, et al., Civil No. 91-2841 (AET), which was denied by Memorandum and Order filed on January 10, 1992.  Zarinsky also filed two civil rights complaints, Zarinsky

Super. A.D., May 9, 2007).

On September 15, 2004, Zarinsky filed his third state PCR petition.  The petition was denied on April 11, 2005, and petitioner filed an appeal.  The New Jersey Appellate Division summarily remanded the matter to the state trial court for reconsideration in light of two New Jersey Supreme Court decisions, State v. Natale, 184 N.J. 458 (2005)(Natale II) and State v. Abdullah, 184 N.J. 497 (2005).  In October 2005, Zarinsky filed a fourth or amended PCR petition, claiming actual innocence and ineffective assistance of counsel.  On July 18, 2006, the state trial judge denied the amended petition filed in October 2005 and the remanded petition.  Zarinsky appealed the decision and the Appellate Division affirmed the trial court in an unreported opinion, State v. Zarinsky, 2007 WL 1346933 (N.J. Super. A.D., May 9, 2007).  The New Jersey Supreme Court denied certification on July 16, 2007.

Zarinsky then filed this federal habeas petition on or about April 30, 2008.

Based on the allegations in the petition and the record provided by petitioner, this Court will issue an Order to Show

---

v. Wertheimer, et al., Civil Nos. 02-2694 (WHW) and 03-3720(KSH).  Both actions were dismissed for failure to state a claim upon which relief can be granted.

4

Cause directing the parties to show cause in writing why Zarinsky's habeas petition should not be dismissed as time-barred.[3]

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

---

[3] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. Recently, the Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of

time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

---

example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[5]  Even where extraordinary circumstances exist, however,

---

[5] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d

9

"[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, Zarinsky's judgment of conviction became final in 1979, well before the enactment of AEDPA.  Thus, he had one year from April 24, 1996, the effective date of AEDPA, to file his federal habeas petition.  He did not file this petition until April 30, 2008, eleven years after the limitations period had expired.

There also appears to be no statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2).  Zarinsky does not allege that any state PCR petition was pending from 1996 until 2004, when he filed his third state PCR petition.  To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Zarinsky would have had to file his state PCR petition before the one-year period had expired, or before April

---

159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

24, 1997. Otherwise, the state PCR petition would not serve to toll the statute of limitations. Here, as noted above, there is no indication that there was a pending state PCR petition filed before or during the one-year limitation period between April 24, 1996 and April 24, 1997. In fact, the state PCR petition Zarinsky relies upon to claim that this habeas petition is not time-barred was filed on September 15, 2004, or more than seven years after the statute of limitations had expired for filing this habeas petition. Thus, having been filed after April 24, 1997 when the limitations period had expired, there was no collateral review pending within the meaning of 28 U.S.C. § 2244(d)(2) for statutory tolling to apply.

Under the Supreme Court's ruling in Day v. McDonough, 547 U.S. 198 (2006), district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions.

It would appear that Zarinsky disregarded or miscalculated the statutory limitations period when he failed to consider that his limitations period was running from April 24, 1996 through April 24, 1997, before he filed his third and fourth state PCR petitions in 2004 and 2005. Miscalculation of the remaining time on a limitations period does not constitute extraordinary

11

circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Moreover, even if Zarinsky was ignorant of the fact that the limitations period began to run on April 24, 1996, when AEDPA became effective, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.

Nevertheless, before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See Day v. McDonough, 547 U.S. 198 (2006).

## CONCLUSION

Therefore, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order the parties to show cause in writing why this petition should or should not be dismissed as untimely.

An appropriate order follows.

<pre>
                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge
</pre>

DATED: May 15, 2008