**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ROBERT ZARINSKY,              :
                              :   Civil Action No. 08-2191 (FLW)
        Petitioner,           :
                              :
    v.                        :   **OPINION**
                              :
MICHELLE R. RICCI, et al.,    :
                              :
        Respondents.          :

**APPEARANCES:**

   ROBERT ZARINSKY, Petitioner Pro Se
   Prison #56449/SBI #713894
   New Jersey State Prison
   P.O. Box 861
   Trenton, New Jersey 08625

**WOLFSON**, District Judge

   This matter is before the Court on Petitioner Robert Zarinsky's petition for habeas corpus relief under 28 U.S.C. § 2254.  For reasons discussed below, the petition for habeas corpus relief will be dismissed as untimely under 28 U.S.C. § 2244(d).

   I. PROCEDURAL BACKGROUND

   Petitioner, Robert Zarinsky ("Zarinsky"), filed a petition for habeas corpus relief on or about April 30, 2008.[1]  According

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately

to the allegations contained in his petition, Zarinsky was convicted by jury trial in the Superior Court of New Jersey, Monmouth County, on or about April 23, 1975, for first degree murder.  He was sentenced to mandatory life imprisonment pursuant to N.J.S.A. 2A:113-4.  (Petition at ¶¶ 1-6).

Zarinsky filed a direct appeal from his judgment of conviction before the Superior Court of New Jersey, Appellate Division.  On June 20, 1976, the Appellate Division affirmed the judgment of conviction.  State v. Zarinsky, 143 N.J. Super. 35, 362 A.2d 611 (App. Div. 1976).  The Supreme Court of New Jersey granted certification on appeal on the limited issue of whether Zarinsky's prosecution was barred by the statute of limitations.  In a decision rendered on November 17, 1977, the New Jersey Supreme Court held that there was no statute of limitations for murder in the State of New Jersey and therefore, affirmed Zarinsky's conviction.  State v. Zarinsky, 75 N.J. 101, 380 A.2d

---

filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Zarinsky handed his petition to prison officials for mailing, Zarinsky signed a certification of his petition on April 30, 2008.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that April 30, 2008 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on May 7, 2008.

685 (1977). Zarinsky then filed a petition for certiorari with the United States Supreme Court, which was denied on April 23, 1979. (Petition at ¶¶ 8-9).

In March 1980, Zarinsky filed his first state court petition for post-conviction relief ("PCR") in the Superior Court of New Jersey, Law Division, Monmouth County. The petition was denied on October 16, 1980. Zarinsky filed his second state PCR petition on April 19, 1986. This second petition was denied on July 11, 1986. (Petition at ¶¶ 11(a), 11(b)).

Zarinsky also filed three petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of New Jersey before the instant petition.[2] See State v. Zarinsky, 2007 WL 1346933 *1 (N.J. Super. A.D., May 9, 2007).

On September 15, 2004, Zarinsky filed his third state PCR petition. The petition was denied on April 11, 2005, and petitioner filed an appeal. The New Jersey Appellate Division summarily remanded the matter to the state trial court for reconsideration in light of two New Jersey Supreme Court

---

[2] Zarinsky states that he filed a federal habeas petition sometime in 1982, citing Civil Docket No. 82-3276. A search of the district court docket shows only one other habeas petition filed, Zarinsky v. Del Tufo, et al., Civil No. 91-2841 (AET), which was denied by Memorandum and Order filed on January 10, 1992. Zarinsky also filed two civil rights complaints, Zarinsky v. Wertheimer, et al., Civil Nos. 02-2694 (WHW) and 03-3720(KSH). Both actions were dismissed for failure to state a claim upon which relief can be granted.

decisions, State v. Natale, 184 N.J. 458 (2005)(Natale II) and State v. Abdullah, 184 N.J. 497 (2005).  In October 2005, Zarinsky filed a fourth or amended PCR petition, claiming actual innocence and ineffective assistance of counsel.  On July 18, 2006, the state trial judge denied the amended petition filed in October 2005 and the remanded petition.  Zarinsky appealed the decision and the Appellate Division affirmed the trial court in an unreported opinion, State v. Zarinsky, 2007 WL 1346933 (N.J. Super. A.D., May 9, 2007).  The New Jersey Supreme Court denied certification on July 16, 2007.

Zarinsky then filed this federal habeas petition on or about April 30, 2008.  On May 15, 2008, this Court issued an Order to Show Cause directing Zarinsky to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).  The Order gave Zarinsky until June 20, 2008 to file a response.  To date, no response from petitioner has been received by this Court.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

4

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

### III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d

5

at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of

6

§ 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 1083 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

"Equitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003). There are two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Id. (citation and internal quotations and brackets omitted). See also LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court observed that a litigant seeking equitable tolling bears the burden of establishing diligence and that "some extraordinary circumstance stood in his way." Id. at 418. Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957

(2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Zarinsky's judgment of conviction became final in 1979, long before the enactment of AEDPA.  Thus, he had one year from April 24, 1996, the effective date of AEDPA, or until April 24, 1997, to file this federal habeas petition.  However, Zarinsky did not file this petition until April 30, 2008, more than 11 years after the limitations period had expired.

Moreover, this Court finds that there was no statutory tolling applicable in this case, pursuant to 28 U.S.C. § 2244(d)(2).  In order to invoke statutory tolling, Zarinsky would have to have properly filed a state PCR petition before April 24, 1997.  Here, Zarinsky does not allege that he had any state PCR

---

[4]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

9

petition pending from 1996 until 2004, when he filed his third state PCR petition on September 15, 2004. Because this third PCR petition was filed more than seven years after the limitations period had expired in this case, it can not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). Thus, there was no state collateral review proceeding pending within the meaning of § 2244(d)(2) for statutory tolling to apply.

Pursuant to Day v. McDonough, 547 U.S. 198 (2006), this Court gave petitioner the opportunity to respond to its sua sponte review of the petition for timeliness. Unfortunately, more than a month has passed since the deadline ordered for such response, and Zarinsky has not submitted any argument to show why his habeas petition should not be dismissed as time-barred.

Consequently, this Court finds no basis for equitable tolling. Zarinsky has not demonstrated any extraordinary circumstances, only neglect and a lack of diligence in pursuing a federal habeas remedy. It would appear that Zarinsky simply miscalculated or disregarded the statutory limitations period here. Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. See Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Moreover, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Here, Zarinsky waited more than ten years, without reason, before filing this petition.  Therefore, this Court will dismiss Zarinsky's § 2254 habeas petition as time-barred under 28 U.S.C. § 2244(d).

## IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the

11

case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

_____
FREDA L. WOLFSON
United States District Judge

Dated: